While I concur in the balance of the majority opinion, I respectfully dissent from the majority's holding regarding assignments of error one and two. In these assignments of error, the majority holds that the trial court erred in granting summary judgment because the first three disputed statements in Robert's letter are inaccurate factual statements and a genuine issue of material fact exists as to whether she made them with actual malice. However, upon consideration of the totality of the circumstances, the statements are constitutionally protected expressions of opinion. Therefore, the trial court did not err in granting summary judgment in favor of Roberts and I would affirm the decision of the lower court.
The Ohio Supreme Court has interpreted the Ohio Constitution to provide a guarantee of protection for statements of opinion. Scott v.News-Herald (1986), 25 Ohio St.3d 243, 250. As noted in the majority, the proper test to be applied when determining whether speech is protected opinion is the "totality of the circumstances" test, which states as follows:
 When determining whether speech is protected opinion a court must consider the totality of the circumstances. Specifically, a court should consider: the specific language at issue, whether the statement is verifiable, the general context of the statement, and the broader context in which the statement appeared.
 (Emphasis added.) Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279, 284.
In particular, when reviewing the specific language used, pursuant to the first factor, a court should consider "whether a reasonable reader would view the words used to be language that normally conveys information of a factual nature or hype and opinion[.]" Id. at 282. When examining the general context of the statements,
 [o]bjective cautionary terms, or `language of apparency' places a reader on notice that what is being read is the opinion of the writer. Terms such as `in my opinion' or `I think' are highly suggestive of opinion but are not dispositive, particularly in view of the potential for abuse.
 Scott, 25 Ohio St.3d at 252. Each of the four factors must be addressed, but the weight given to each may vary depending on the circumstances. Vail, 72 Ohio St.3d at 282. "Once a determination is made that specific speech is `opinion,' the inquiry is at an end. It is constitutionally protected." Id. at syllabus.
In Vail, the Ohio Supreme Court examined the "general tenor" of a newspaper column which allegedly contained defamatory statements. The Court found that the general tenor of the column was more typical of persuasive speech than factual reporting. Id. Notably, the Court stated that a single phrase, characterizing the appellant as a liar, was insufficient to overcome the conclusion that an ordinary reader would believe the statement was the opinion of the reader. Id. at 283.
Applying the totality of the circumstances approach to the instant case, I would conclude that Robert's letter represented her opinion based on the general context of the statements and the broader context in which they appeared. With respect to the broader context of the letter in which the disputed statements appear, the general tenor is one of opinion. This is supported by an examination of the general context of the statements. The words, "I really believe," "I'm not sure," "I have seen," and "I think," used throughout the letter, convey a message that the reader of the letter will be exposed to the personal opinions of the writer. While it may be true that the first three of the ten disputed portions of Robert's letter present inaccurate factual statements regarding Sovchik's answer on his application, this is insufficient to overcome the conclusion that a reasonable reader would view the letter as one that conveys opinion. Therefore, based on the totality of the circumstances, I would conclude that Robert's statements express her constitutionally protected opinion regarding Sovchik's dismissal.
Accordingly, I would affirm the decision of the trial court.